```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

LARRY JONES                                             PETITIONER

VERSUS                         CIVIL ACTION NO. 3:07cv176-TSL-JCS

THE STATE OF MISSISSIPPI                                RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner Larry Jones is an inmate incarcerated at the Mississippi State Penitentiary, Parchman, Mississippi. Petitioner filed the instant motion for a writ of mandamus pursuant to Rule 21 of the FEDERAL RULES OF APPELLATE PROCEDURE. The petitioner's request for mandamus relief relates to a case he filed in the Mississippi Supreme Court which was assigned case number 2007-M00150.

The petitioner states that on June 8, 2006, he filed a motion with the Circuit Court of Harrison County, Mississippi, which according to the petitioner was not considered. (Pet. p. 1). He then filed for a writ of mandamus with the Mississippi Supreme Court during the month of January or February 2007.(Pet. p. 2). According to the petitioner, the Mississippi Supreme Court entered an order denying his petition for mandamus. (Pet. p. 2). The petitioner now requests that this court enter an order compelling the Mississippi Supreme Court and respondents "to perform their duties." (Pet. p. 4).

The petitioner's reliance on Rule 21 of the FEDERAL RULES OF APPELLATE PROCEDURE to support this request is misplaced. Clearly, that rule applies in a situation where the petitioner is seeking relief in a court of appeals. Since this is not a court of appeals, it does not apply in the instant civil action.

However, liberally construing the petitioner's request, this court finds that at best the petitioner is basing his request on 28 U.S.C. § 1361. That section grants this court original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner." 28 U.S.C. § 1361 (emphasis added). However, federal courts have no authority under section 1361 "to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275-76 (5th Cir. 1973) (emphasis added); see also Noble v. Cain, 123 Fed. Appx. 151, *152, 2005 WL 361818, **1 (5th Cir. 2005); Rhodes v. Keller, 77 Fed.Appx 261, 2003 WL 22309132, **1(5th Cir. 2003); Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir. 1997).

In the instant civil action, this court finds that the respondent is not an officer or employee of the United States and the only relief sought by the petitioner is mandamus. As such, this court does not have jurisdiction in the nature of mandamus,

under 28 U.S.C. § 1361, to direct the respondent to comply with the petitioner's request.  Further, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). "Moreover, it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." Id. at 403.

## CONCLUSION

This court does not have jurisdiction to issue a writ of mandamus to direct the respondent to enter a ruling or make a decision on the petitioner's pleadings or other court documents. Therefore, the instant petition for a writ of mandamus [1-1] is DENIED.

A final judgment in accordance with this memorandum opinion and order will be entered.

This the  2nd day of April, 2007.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE